### IN THE UNITED STATES DISTRICT COURT
### FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELLA VANCE | CIVIL ACTION No.: |
| Plaintiff, | |
| v. | |
| ERA HOLDINGS, LLC and | |
| WILLOW PARTNERSHIP LLC | |
| Defendants. | JURY TRIAL DEMANDED |

### CIVIL ACTION COMPLAINT

1. This is an action for declaratory relief, injunctive relief, and damages against Defendants ERA Holdings, LLC, ("Defendant ERA") and Defendant Willow Partnership LLC ("Defendant Willow"), for housing discrimination based on the disability of Plaintiff Marcella Vance ("Plaintiff"). Plaintiff, who suffers from Major Depression and Anxiety, requested a reasonable accommodation. Specifically, Plaintiff alleges that Defendant refused to provide a reasonable accommodation for her emotional support animal and have acted to deny her housing opportunities due to her disability.

2. This action is brought under the Fair Housing Amendments Act, 42 U.S.C.A. §§ 3601 *et seq.* (hereinafter "FHAA"). Through this action, Plaintiff seeks injunctive relief, compensatory and punitive damages, attorney's fees, costs, and such other equitable relief that this Court may deem appropriate.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 1337, and § 1343(a), and 42 U.S.C. § 3613, as the claims alleged herein arise under the laws of the United States, specifically the FHAA.

4. Venue is proper in the Eastern District of Pennsylvania because the events and/or omissions giving rise to Plaintiff's claims occurred within this district, the property that is the subject of the action is situation in this district and Defendant conducts business in this district.

## PARTIES

5. Plaintiff Marcella Vance is, and at all times relevant herein was, a resident of the Commonwealth of Pennsylvania. Ms. Vance has been diagnosed with Major Depression and Anxiety and has suffered from both conditions since 2017. Ms. Vance is, and at all relevant times herein was, an individual with a disability as that term is defined by the FHAA (42 U.S.C. § 3602(h); 24 C.F.R. § 100.201).

6. Plaintiff's emotional support animal is integral to preventing the onset of symptoms of her depression and anxiety and allows Plaintiff to attain emotional health and stability and complete activities of daily living.

7. Plaintiff continues to reside at Chelbourne Plaza Condominiums, 46 Township Line Road, Apt. 207, Elkins Park, PA 19027, while she searches for and awaits approval to attain a new residence.

8. Defendant ERA Holdings, LLC, is a limited liability company registered in the Commonwealth of Pennsylvania, has a principal place of business located at 37 York Road, Willow Grove, PA 19090, and maintains property located at 46 Township Line Road, Elkins Park, PA 19027 (Chelbourne Plaza Condominiums, hereinafter "Chelbourne Plaza")).

9. Willow Partnership LLC is a limited liability company registered in the Commonwealth of Pennsylvania, has a principal place of business located at 46 Township Line Road, Elkins Park, PA 19027, and maintains property located at 46 Township Line Road, Elkins Park, PA 19027 (Chelbourne Plaza).

10. Chelbourne Plaza is a three-story condominium complex offering units for sale and lease.

11. The units at Chelbourne Plaza are "dwellings" within the meaning of 42 U.S.C.A. § 3602(b).

## STATEMENT OF FACTS

12. At all relevant times herein, Plaintiff Marcella Vance (hereinafter "Plaintiff") rented a unit and resided at Chelbourne Plaza, located at 46 Township Line Road, Apartment 207, Elkins Park, PA 19027.

13. Upon information and belief, Defendant ERA Holdings, LLC (hereinafter "Defendant ERA") and Defendant Willow Partnerships LLC (hereinafter "Defendant Willow") jointly operate and maintain Chelbourne Plaza.

14. Plaintiff Marcella Vance (hereinafter "Plaintiff") suffers from Major Depression and Anxiety and maintains an emotional support dog at the recommendation of her psychotherapist, Sharon Wormly, LPC.

15. On June 1, 2022, Plaintiff executed a lease agreement with Defendant ERA for the apartment located at 46 Township Line Road, Apartment 207, Elkins Park, PA 19027. The term of the lease began on June 1, 2022 and was set to end on May, 31, 2023. Upon signing the lease, Plaintiff provided first-month and last-month's rent.

16. On April 23, 2023, Plaintiff obtained, at the recommendation of her psychotherapist, Sharon Wormly, LPC, an emotional support dog.

17. Plaintiff's emotional support animal, Angel, is a six-pound Miniature Pincher dog.

18. On April 28, 2023, Plaintiff's emotional support dog was certified as an Emotional Support Animal.

19. On May 1, 2023, Defendant provided Plaintiff with a lease renewal agreement, with a rent increase, and indicated that the lease renewal agreement must be signed by May 31, 2023.

20. The May 1, 2023 lease renewal agreement states, "[d]ogs are not allowed."

21. On May 12, 2023, Plaintiff's father provided Angel's certification as an Emotional Support Animal and his "Dog ID" to Defendant Willow's Office Manager, Anna Ovechkina..

22. Ms. Ovechkina is an employee and/or agent of Defendant Willow.

23. Shortly thereafter, Ms. Ovechkina called Plaintiff and advised that no dogs were allowed in the community, per the bylaws.

24. On May 15, 2023, Ms. Ovechkina sent an email to Complainant stating, "[t]he bi laws of the community don't allow dogs in the community. Unfortunately, there is nothing we can do about it."

25. On May 19, 2023, Plaintiff was experiencing stress and visited Dr. Wormly. Dr. Wormly provided medical documentation stating that Angel is not a pet, but an assistance animal, and that Plaintiff met the qualifications to utilize an assistance animal under the FHA. Plaintiff provided this medical documentation to Ms. Ovechkina the same day.

26. On May 22, 2023, Ms. Ovechkina called Plaintiff and stated that Plaintiff must sign the lease renewal by the end of business that day. On the same day, Plaintiff signed the lease renewal agreement.

27. Plaintiff's renewal lease agreement bears the name "Willow Partnership LLC," but was executed by Plaintiff and Gil Barzeski, who identified himself as the CEO of ERA Holdings LLC.

28. On May 23, 2023, Plaintiff submitted to Ms. Ovechkina a written request for Defendant to allow Plaintiff's assistant animal to reside with her at a Chelbourne Plaza as a reasonable accommodation for her disability.

29. Within approximately ten minutes, Plaintiff received a phone call from Mr. Barzeski, advising that dogs were not allowed in the community.

30. Plaintiff advised Mr. Borzeski that other tenants in the building have dogs. Mr. Borzeski responded stating that Plaintiff had thirty days to "get out" because he did not like that Plaintiff was "dishonest" and did not "care who has dogs in the building."

31. Less than an hour later, Plaintiff received an email signed by "[t]he team at Willow Partnership" with an attached Termination Notice on Defendant ERA stationary. Defendant advised that the termination of Plaintiff's lease would be effective thirty days from the date of this letter.

32. Since the termination of her lease, Plaintiff has been actively searching for a new residence and submitting applications in an effort to vacate Defendant's premises. As of the date of this Complaint, Plaintiff has not yet been approved to reside elsewhere.

33. On June 5, 2023 and another unspecified date, Defendant placed a notice on the door of Plaintiff's unit stating that Plaintiff failed to pay her rent for the month of June 2023.

34. On June 6, 2023, Plaintiff received an email from Defendant demanding payment of Plaintiff's rent and threatening civil action for possession of the property.

35. On June 12, 2023, Mr. Borzeski called Plaintiff and asked her if she was going to pay her

5

rent for the month of June. Plaintiff advised Mr. Borzeski that, upon signing her original lease in June 2022, Plaintiff paid her first-month and last month's rent. Mr. Borzeski disputed this fact and Plaintiff advised Mr. Borzeski that she was able to provide a copy of the certified check in which she paid her first-month and last month's rent.

36. Plaintiff anticipates being able to vacate Defendant's premises on July 16, 2023 and advised Mr. Borzeski of same. Mr. Borzeski requested that Plaintiff pay a pro-rated rent of $800.00 for July 1, 2023 through July 16, 2023.

37. Upon information and belief, Defendant has allowed other residents to have dogs and/or emotional support animals without having their leases terminated.

38. Defendant's conduct has caused Plaintiff much emotional distress and anxiety.

39. As a direct and proximate result of Defendant's discrimination and retaliation, Plaintiff has experienced significant stress and aggravation of her anxiety and depression symptoms.

40. Defendant's failure to accommodate Plaintiff has both caused and perpetuated emotional and economic harm to Plaintiff.

41. Defendant's subjecting Plaintiff to retaliation for her request for reasonable accommodation has both caused and perpetuated emotional and economic harm to Plaintiff.

### COUNT I
### Fair Housing Act, 42 U.S.C. § 3604(f)(3)
*Failure to Reasonably Accommodate*
### Plaintiff v. All Defendants

42. Plaintiff re-alleges and incorporates, by reference, each and every preceding paragraph as if fully set forth herein.

43. Plaintiff's May 2023 lease renewal agreement reflects Defendant's no-dog policy.

44. Plaintiff informed Defendants' employees and/or agents that she required an emotional support animal due to her disability as early as May 12, 2023, where her father provided Angel's Emotional Support Animal certification and Dog ID to Defendant management.

45. After receiving Angel's certification and ID, Ms. Ovechkina immediately advised Plaintiff that there were no dogs allowed in the community and later reiterated that statement in an email on May 15, 2023.

46. Plaintiff again informed Defendants that she required an emotional support animal on May 19, 2023 where she provided Defendants' employees and/or agents with medical documentation from Dr. Wormly reflecting Plaintiff's need and qualification for an assistance animal.

47. Plaintiff again informed Defendants that she required an emotional support animal on May 23, 2023 where she provided Defendants' employees and/or agents with a written request for a reasonable accommodation.

48. On each aforementioned occasion, Plaintiff effectively requested an exception/accommodation to the May 2023 lease renewal agreement's no-dog provision so that she could benefit from the emotional support and companionship that her emotional support dog provides, and thereby have an equal opportunity to use and enjoy the Defendants' available unit, common areas and premises at Chelbourne Plaza.

49. Defendants responded to Plaintiff's requests for reasonable accommodation with outright denials.

50. Defendants had a duty to engage in an interactive process and provide Plaintiff with a reasonable accommodation for her disabilities.

51. Defendants further responded to Plaintiff's requests for reasonable accommodation by

terminating Plaintiff's lease.

52. Defendants' failure to waive or modify their no-dog provision of the May 2023 lease agreement to accommodate Plaintiff's disabilities is discriminatory and unlawful.

53. As a direct and proximate result of Defendants' failure to accommodate Plaintiff, Plaintiff's lease was terminated.

54. Plaintiff has suffered irreparable loss and injury including, but not limited to, mental anguish, emotional distress, pain and suffering, economic expense, and loss of her right to equal housing opportunities regardless of disability.

55. Plaintiff has been injured by Defendants' discriminatory conduct and, as a result, is an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

56. Defendants' discriminatory conduct and action were intentional, willful, knowing, and taken in blatant disregarding of Plaintiff's rights, and/or the product of deliberate indifference.

57. Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Plaintiff prays for judgment as set forth below.

### COUNT II
### Fair Housing Act, 42 U.S.C. § 3604(c)
*Discriminatory Statement and/or Preference*
**Plaintiff v. All Defendants**

58. Plaintiff re-alleges and incorporates, by reference, each and every preceding paragraph as if fully set forth herein.

59. Defendants' statements regarding dogs in the community expressed an intention to limit Plaintiff's housing opportunity, or to otherwise discriminate against Plaintiff with respect to the rental of a dwelling at Chelbourne Plaza Condominiums.

60. As a result of the conduct and/or actions of Defendant, Plaintiff has suffered damages and

is an aggrieved person within the meaning of 42 U.S.C. § 3602(i).

61. As a direct and proximate result of Defendant's discriminatory statements and/or preference, Plaintiff's attempts at obtaining equal access to housing opportunity at Chelbourne Plaza Condominiums have been frustrated, and Plaintiff's lease was terminated.

62. Defendants' discriminatory actions and statements, as set forth above, were intentional, willful, and taken in disregard for the rights of Plaintiff.

63. Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Plaintiff prays for judgment as set forth below.

## COUNT III
### Fair Housing Act, 42 U.S.C. § 3617
*Interference with Fair Housing Rights*
**Plaintiff v. All Defendants**

64. Plaintiff re-alleges and incorporates, by reference, each and every preceding paragraph as if fully set forth herein.

65. Plaintiff exercised her FHAA-protected right to request a reasonable accommodation for her disabilities and to have an equal opportunity to use and enjoy housing pursuant to the FHAA.

66. Defendants' agents not only rejected Plaintiff's reasonable accommodation request, but also advised Plaintiff that her lease was being terminated immediately after she submitted a written request for reasonable accommodation.

67. Defendants continued to place notices on the door of Plaintiff's unit noting her alleged failure to pay rent for the month of June 2023, despite the fact that Plaintiff already provided first-month and last-month's rent. Defendant similarly threatened Plaintiff with civil action for possession of the property.

68. Defendants' conduct was sufficient to intrude upon Plaintiff's well-being and tranquility and was sufficiently severe and pervasive as to create a hostile environment within the property.

69. Defendants' conduct toward Plaintiff and/or Plaintiff's rights amounted to coercion, intimidation, and interference.

70. As a direct and proximate cause of Defendants' intimidating and interfering conduct, Plaintiff has suffered irreparable loss and injury including, but not limited to, mental anguish, emotional distress, pain and suffering, economic expense, and loss of her right to equal housing opportunity regardless of disability.

71. Defendants' rejection of Plaintiff's request for reasonable accommodation and termination of Plaintiff's lease was a direct consequence of Plaintiff's exercise of her fair housing rights. Accordingly, Defendants' conduct constitutes unlawful interference in violation of 42 U.S.C. § 3617.

72. Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Plaintiff prays for judgment as set forth below.

### COUNT IV
### 42 U.S.C. § 1985(3)
*Conspiracy to Interfere with Civil Rights*
**Plaintiff v. All Defendants**

73. Plaintiff re-alleges and incorporates, by reference, each and every preceding paragraph as if fully set forth herein.

74. Plaintiff suffers from mental and emotional disabilities and is therefore a member of an identifiable protected class.

75. Defendants ERA and Willow, motivated by discriminatory animus against Plaintiff on account of her disability, conspired to deprive Plaintiff, directly or indirectly, of her right

10

to reasonable accommodation of her disability, to equal housing opportunity regardless of disability, and her right to be free from discrimination.

76. In furtherance of said conspiracy, Defendants ERA and Willow acted in conjunction to deny Plaintiff's reasonable request for accommodation of her emotional support animal.

77. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered irreparable loss and injury including, but not limited to, mental anguish, emotional distress, pain and suffering, economic expense, and loss of her right to equal housing opportunity regardless of disability. As such, Defendants' actions constitute a violation of 42 U.S.C. § 1985(3).

78. Accordingly, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF AS TO EACH COUNT

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Declaring that Defendant's discriminatory housing practices, as set forth above, violate the FHAA;

B. Mandating that Defendant, at its own expense, undergo Fair Housing Act training provided by a HUD-approved entity;

C. Awarding Plaintiff all statutory damages under federal law;

D. Awarding Plaintiff compensatory damages and punitive damages for Defendant's discriminatory conduct;

E. Awarding Plaintiff her attorney's fees and costs incurred in bringing this action to enforce the FHAA; and

F. Granting such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury.

**ABARA LAW FIRM, PLLC.**

By: *s/ Obinna I. Abara*
OBINNA I. ABARA, ESQUIRE
Attorney I.D. No.: 204964
1950 Butler Pike, # 255
Conshohocken, PA 19428
(215) 360-3260
Lead Attorney for Plaintiff

/s/ *Jillian McLaughlin*

JILLIAN MCLAUGHLIN, ESQUIRE
Attorney I.D. No.: 332471
1950 Butler Pike, # 255
Conshohocken, PA 19428
(610) 982-1973

*Attorneys for Plaintiff*

Date:   7/7/2023

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Jul 7, 2023
_____
Date

*Marcella Vance*
Marcella Vance (Jul 7, 2023 14:32 EDT)
_____

Marcella Vance,
Plaintiff